## WOLFE CITY MILLING CO. v. WARD.
### (No. 5646.)

(Court of Civil Appeals of Texas. San Antonio. April 12, 1916. Rehearing Denied May 10, 1916.)

1. APPEAL AND ERROR ⬤⟞675—MATTERS NOT SHOWN BY THE RECORD.

An order made in May, overruling appellant's plea of privilege, will not be reviewed, where the only pleadings shown by the record are the first amended original petition filed in July, and those filed afterwards, and the only evidence before the court on appeal is that introduced upon the trial of the case in July.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2875; Dec. Dig. ⬤⟞675.]

2. TRIAL ⬤⟞350(4)—SUBMISSION OF ISSUES.

In an action by a buyer for nondelivery, he claiming that he was not obliged to pay until after delivery, and the seller claiming that payment was to be made by demand draft before delivery, *held* error to refuse to submit special issues as to the terms of the contract in this respect and whether the buyer complied therewith.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 829; Dec. Dig. ⬤⟞350(4).]

3. APPEAL AND ERROR ⬤⟞1062(2)—HARMLESS ERROR—ERROR CURED BY SUBSEQUENT INSTRUCTION.

Such error is not cured by submitting an issue whether the defendant failed or refused to deliver according to the terms of the contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4213; Dec. Dig. ⬤⟞1062(2).]

4. SALES ⬤⟞174—EXCUSE FOR NONDELIVERY—DEFAULT BY BUYER.

A seller is not bound to deliver to the buyer if the latter has himself breached his agreement by refusing to pay for the goods on demand.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 434; Dec. Dig. ⬤⟞174.]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by B. F. Ward against the Wolfe City Milling Company. From a judgment for plaintiff defendant appeals. Reversed and remanded.

John W. Thames, of Kenedy, and Chas. Troy, of Beeville, for appellant. G. C. Robinson, H. S. Bonham, and B. D. Tarlton, Jr., all of Beeville, for appellee.

SWEARINGEN, J. About the 18th of December, 1914, plaintiff ordered from defendant two cars of flour, to be shipped from Wolfe City, Tex., to plaintiff, at Beeville, Tex., for which plaintiff was to pay, at Beeville, a draft drawn by defendant with the bill of lading attached. Cars to be sent at

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

different times. January 7, 1915, defendant delivered to the railroad company at Wolfe City one car of flour consigned to shipper's order at Beeville, with instructions to notify plaintiff. On the same day, January 7, 1915, defendant drew against plaintiff a draft for the amount of the purchase price of the car of flour. This draft, with bill of lading attached, was presented for payment to plaintiff at Beeville, January 13, 1915. Plaintiff refused payment. Draft was regularly protested for nonpayment. The car of flour arrived at Beeville January 15, 1915, and remained there until January 23, 1915. After that date, the car of flour, on defendant's order, was shipped from Beeville. The second car of flour was never shipped. The price of flour advanced about $300 a car after January 15, 1915. Defendant alleged that plaintiff was to pay the draft when demanded. Plaintiff alleged that he was to pay the draft after the car of flour arrived at Beeville; that the car had not arrived when the draft was presented to him for payment. A jury answered all special issues submitted to it. The court thereupon rendered judgment in favor of plaintiff against defendant for $735, together with all costs. Appellant's motion for new trial being overruled by the court, this appeal was perfected.

[1] Appellant's first assignment complains of the order of the court overruling his plea of privilege. This order was made in May, 1915. The only pleadings shown by the record are the first amended original petition filed July 14, 1915, and those filed afterwards. The only evidence before this court is that introduced upon the trial of the case in July, 1915. It is therefore obviously improper for this court to attempt to review that order of the trial court. The first assignment is overruled.

[2] Appellant's second assignment complains that the charge of the court did not submit to the jury material issues of defense raised by the pleadings and the evidence of the defendant. Objection to the charge was duly made, and appellant, in proper time, requested, in writing, the court to submit to the jury two special issues, which are as follows:

"Did the Wolfe City Milling Company fix the terms of the order dated December 18, 1914, as follows: Demand protest draft for the contract price of the flour, with bill of lading attached? Answer Yes or No."

"Did plaintiff, Ward, comply with the terms of his contract dated December 18, 1914, and pay said draft when same was presented to him? Answer Yes or No."

The court refused to submit either. An important part of the purchase agreement was the condition of payment. Was plaintiff obligated to pay on demand after shipment, or on demand after arrival of the car of flour at Beeville? This question is raised by the pleadings. In support of defendant's plea, Thomas, the broker, who received the order for the flour, testified that he told plaintiff,

at the time the flour was ordered, that witness had no authority to grant terms for payment, but that defendant would make draft; that on January 5, 1915, before the flour was shipped, plaintiff told witness to notify defendant that plaintiff had the money in the bank to pay for the flour; and that defendant could make any kind of draft he wanted to. Defendant was so notified on the 5th of January, 1915, and replied that a demand protest draft would be made. Plaintiff, on the other hand, testified that the agreement was that he was to pay the draft only after the flour arrived. This issue was made by both the pleadings and the evidence. This issue was material because: If payment was to be made by plaintiff as determined by defendant, and defendant determined payment should be made by demand protest draft and plaintiff refused to pay the draft on demand, defendant was not liable for damages. If payment for the flour was to be made on demand after arrival of the flour at Beeville, and plaintiff, as he testified, did not pay for the flour after it did arrive, defendant was not liable for damages unless plaintiff pleaded and proved a sufficient legal excuse. As this special issue was raised by the pleadings, supported by evidence, and was material, the court should have submitted it after objection was made and the special issue required in writing by the defendant.

[3] Appellee rather plausibly urges that the error, if any, was rendered harmless because the jury answered "Yes" to the third special issue, which the court did submit to them, and which is as follows:

"If you have answered the previous question in the affirmative, then answer, Did the Wolfe City Milling Company fail or refuse to deliver the first car of said flour to the said Ward according to the terms of the contract? Answer Yes or No."

[4] Defendant was not bound to deliver the flour to plaintiff if he himself breached his agreement by refusing to pay for the flour on demand. The answer of the jury that defendant failed to deliver the flour to plaintiff does not determine whether or not plaintiff was obligated to pay for the flour on demand, nor whether plaintiff first breached the purchase contract by refusing to pay for the flour when demanded. We suggest here that the evidence in this case strongly tends to show that defendant made all the delivery required of it when it shipped the flour to Beeville and presented the draft, with the bill of lading attached, to plaintiff.

For the error of the court, complained of in appellant's second assignment, as will appear in the foregoing discussion, we must reverse the judgment of the trial court.

Inasmuch as the case will be reversed, it is unnecessary to discuss any of the other assignments presented by appellant, for the errors assigned are not likely to arise again.

The judgment is reversed, and the cause remanded.