WOLFE CITY MILLING CO. v. WARD.
(No. 5839.)

(Court of Civil Appeals of Texas. San Antonio. April 19, 1917. Rehearing Denied May 16, 1917.)

1. CONTRACTS ⬤⚊352(3)—ACTION FOR BREACH — DIRECTED VERDICT — CONFLICTING EVIDENCE.

In an action to recover damages for breach of contract to deliver flour, it was proper to refuse to instruct a verdict for defendant, where there was conflicting evidence on plaintiff's part as to the terms of the contract relating to a tender of the flour.

2. PRINCIPAL AND AGENT ⬤⚊175(2)—AUTHORITY OF AGENT—RATIFICATION.

Where the principal ratifies a contract made by his agent, it is immaterial, in a suit upon such contract, whether the agent had authority to make it or not.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 663.]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by B. F. Ward against the Wolfe City Milling Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Jno. W. Thames, of Kenedy, R. L. Marshall, of Devine, and Chas. Troy, of Beeville, for appellant. Dougherty & Dougherty, G. C. Robinson, H. S. Bonham, and B. D. Tarlton, Jr., all of Beeville, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover damages alleged to have accrued by reason of the failure of appellant to deliver ·to him, in compliance with the terms of a certain contract, two carloads of flour. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered in favor of appellee for $831.65. This is a second appeal, and on the former one this court reversed the judgment for reasons given in the opinion published in 185 S. W. 663.

[1] It is the contention of appellant that the contract with appellee was that the flour was to be paid for on the terms fixed by appellant, and that appellant fixed the terms of payment on demand; that is, when a bill of lading with draft attached reached Beeville. Appellee, however, testified that the contract provided for payment when the flour reached Beeville. The testimony on this subject was conflicting; and, while under appellant's testimony the tender of the bill of lading might be a tender of the flour, under the testimony of appellee the only tender possible was the flour itself. The first assignment of error proceeds upon the assumption that the evidence of appellant alone should be considered as to the terms of the contract, but the court thought that the evidence of appellee was entitled to some consideration, and very properly refused to instruct a verdict for appellant. Appellant seems to labor under the belief that as appellee was to pay cash for the flour, that meant he should pay for. the flour before he received it. The general acceptation of paying cash for a commodity is paying for it when delivered to the buyer, unless otherwise agreed. The jury found that it was agreed that the flour was to be paid for when it was delivered to appellee at Beeville.

[2] The second assignment of error is overruled. It is immaterial whether the ·agent had the authority to make the contract or not, as the jury found that the contract was ratified by appellant. If the jury had found that Thomas was not the agent of appellant, but that the contract made by him was adopted or ratified by appellant, that would bind appellant as though he had full power to make the contract.

The third assignment of error attacks the tenth special issue submitted by the court, because there were "two questions asked in the form of one." The proposition under the assignment is to the effect that it is error to submit the issue as to the market value when the evidence was not sufficiently definite for the jury to find such value. The tenth issue is not referred to in the statement, but the thirteenth issue as to reasonable market value is copied. The assignment is overruled.

The court did not err, when requested by the jury, in explaining one of the issues to the jury. The explanation could not in any way have injured appellant. The objection is merely academic.

There is no merit in any of the assignments of error, and the judgment is affirmed.